IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Roman Hernandez, ) | CASE NO. 4:18 CV 1252 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| Warden Steven Merlak, ) | **AND ORDER** |
| ) | |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Roman Hernandez, a federal prisoner, has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He was convicted in the Southern District of Ohio pursuant to a guilty plea of Intent to Distribute Heroin and Conspiracy to Commit Money Laundering. Once committed to federal prison in August 2017, he was interviewed for enrollment in a Residential Drug Treatment Program (RDAP), but he was informed by the Bureau of Prisons (BOP) that he did not qualify for a one-year reduction in his sentence for participating in a RDAP because of the nature of his offense.

Petitioner disputes the BOP's characterization of the nature of his offense for the purpose of determining his eligibility for a one-year sentence reduction, and he seeks a "writ directing the BOP to implement the one year reduction in accordance with the provisions of 18 U.S.C. § 3521(e)."

(Doc. No. 1 at 7.)

A district court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must summarily deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The Petition must be summarily dismissed. To be entitled to *habeas corpus* relief under § 2241, a prisoner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner has no constitutionally-protected liberty interest in discretionary release from prison prior the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Nor does a prisoner have a constitutionally-protected liberty or property interest in participating in a prison rehabilitation program. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976).

Further, the statute that allows for a prisoner to be considered for a sentence reduction once he has successfully completed a RDAP, 18 U.S.C. § 3621(e)(2)(B), leaves the decision of whether to grant early release to the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Even where a prisoner successfully completes a RDAP, the BOP retains discretion to deny early release. *See Heard v. Quintana*, 184 F. Supp.3d 515, 519-20 (E.D. Ky. 2016).

Petitioner's allegations do not implicate a constitutionally-protected federal right and do not do not demonstrate the BOP violated his constitutional rights in determining his eligibility for a sentence reduction in connection with a RDAP. The Petition is therefore denied, and this action is

dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 17, 2018